UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DUSTIN BORDERS, | |
| Plaintiff, | |
| v. | CAUSE NO. 4:24-CV-039-CCB-AZ |
| THE LAFAYETT POLICE DEPARTMENT, et al.,[1] | |
| Defendants. | |

**OPINION AND ORDER**

Dustin Lee Borders, a prisoner without a lawyer, was ordered to file an amended complaint because his original complaint, on its face, appeared to be time-barred. *See generally* ECF 6. He was ordered to "include[] an explanation of what, if anything, prevented him from bringing this lawsuit within two years of the incident." *Id.* at 6. He has filed the amended complaint and explanation. ECF 8. Accordingly, under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Borders refers to this defendant as "The Lafayett Police Dept" throughout his complaint, but the court will use the correct spelling in the rest of this order for purposes of clarity.

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Borders alleges he was subjected to excessive force during an arrest on February 25, 2019, by officers from the Lafayette Police Department. He claims Officer Ian O'Shields and Lt. Robinson broke down the bathroom door at his mother's residence, knocked his girlfriend on top of him, and Officer O'Shields then shot him in the left hip. Borders claims he was unarmed at the time of the shooting. The officers proceeded to yank his girlfriend up and punch Borders "with a closed fist," all of which caused him severe pain. Borders has sued the Lafayette Police Department, Officer O'Shields, and Lt. Robinson for monetary damages.

Before assessing these allegations, the court must determine whether the complaint is time-barred on its face. The events in question occurred on February 25, 2019. In Indiana, a two-year statute of limitations applies to Fourth Amendment excessive force claims brought pursuant to 42 U.S.C. § 1983. *See e.g., Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983."). Excessive force claims accrue when the plaintiff has "knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury." *Liberty v. City of Chicago*, 860

2

F.3d 1017, 1019 (7th Cir. 2017) (quoting *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)); *see also Foryoh v. Triton Coll.*, 197 Fed. Appx. 500, 501 (7th Cir. 2006) (an excessive force claim brought in connection with an arrest accrues "at the time of the arrest"). Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009); *see also Koch v. Gregory*, 536 Fed. Appx. 659, 660 (7th Cir. 2013) (The plaintiff's "only other argument on appeal is that the district judge erred by considering the statute of limitations prematurely at the screening stage. But the language of [the plaintiff's] complaint plainly showed that the statute of limitations barred his suit; dismissal under § 1915A was therefore appropriate.").

Here, the statute of limitations period ended on February 25, 2021. Both his original and amended complaint were filed more than three years too late. Borders argues, however, that the statute of limitations should be tolled because he "had to work through his mental health issues and get to where he could focus with the help of medication and therapy." ECF 8 at 3. He also notes that he is "visually impaired/legally blind," so it took additional time to receive help with the filing itself. *Id*. While these allegations are sparse and don't provide details on the length of time he was allegedly impaired, they are sufficient for purposes of this initial screening order. *See e.g., Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("Indiana recognizes [physical and mental infirmity] as a tolling condition; indeed, the state's constitution requires the judiciary to toll time limits for incapacitated persons.") (citing *Herron v. Anigbo*, 897 N.E.2d 444, 451

3

(Ind. 2008) (noting that mental and physical incapacitation can be grounds for tolling the limitations period)).[2]

Turning to the merits, excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id.* (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (internal quotation marks and citations omitted). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable officer on the scene is critical. *Id.*

---

[2] That said, once the defendants have entered an appearance, they will have the ability to raise the issue as an affirmative defense should they so choose. *Richards*, 696 F.3d at 637–38 ("[I]n principle a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c), not Rule 12(b)(6). After all, the defendants may waive or forfeit their defense, and then the case should proceed.").

4

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (brackets, internal quotation marks, and citations omitted).

Here, Borders alleges the officers broke down a door, shot him, and punched him—all while he was unarmed. Although these allegations are sparse and additional factfinding may reveal the officers' actions were reasonable based on the circumstances that unfolded, giving Borders the benefit of the inferences to which he is entitled at this stage, he has stated plausible Fourth Amendment claims against Officer O'Shields and Lt. Robinson.

He has also sued the Lafayette Police Department because the officers did not "follow[] policy." ECF 8 at 3. However, the Lafayette Police Department is not a suable entity under Indiana law and thus cannot be sued under 42 U.S.C. § 1983. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Therefore, this defendant will be dismissed.

5

For these reasons, the court:

(1) **GRANTS** Dustin Borders leave to proceed against Officer Ian O'Shields and Lt. Robinson in their individual capacities for compensatory and punitive damages for subjecting him to excessive force on February 25, 2019, during the course of an arrest in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** the Lafayette Police Department;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Ian O'Shields and Lt. Robinson at the Lafayette Police Department, with a copy of this order and the amended complaint (ECF 8);

(5) ORDERS the Chief of the Lafayette Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Ian O'Shields and Lt. Robinson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 26, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT